# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

Form To Be Used By A Prisoner in Filing a Complaint
Under the Civil Rights Act, 42 U.S.C. § 1983

FEB 0 3 2015

**RONALD DAVID SUTHERLAND #1650667**
Plaintiff's name and ID Number

David J. Bradley, Clerk of Court

**HUNTSVILLE UNIT, TDCJ-CID**
Place of Confinement

CASE NO: _____
(Clerk will assign the number)

v.

**JURY DEMAND**

**WILLIAM STEPHENS, DIRECTOR, P.O.** BOX 99, HUNTSVILLE, TX 77340
Defendant's name and address

**WARDEN SMITH,** 815 12TH ST., HUNTSVILLE, TX 77348
Defendant's name and address

**WARDEN CARTER,** 264 FM 3478, HUNTSVILLE, TX 77320
Defendant's name and address
(DO NOT USE "ET AL.")    **\*\*\*ALL DEFENDANTS SUED IN INDIVIDUAL AND OFFICIAL CAPACITY**

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE**. ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the Clerk of the United States Court for the appropriate District of Texas in the Division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. The list labeled as "VENUE LIST" is posted in your unit law library. It is a list of Texas prison units indicating the appropriate District Court, the Division and an address of the Divisional Clerks.

## FILING FEE AND IN FORMA PAUPERIS

1. In order for your complaint to be filed, it must be accompanied by the filing fee of **$350.00**.

2. If you do not have the necessary funds to pay the filing fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis* (IFP), setting forth the information to establish your inability to prepay the fees and costs or give security therefore. You must also include a six (6) month history of your Inmate Trust Account. You can acquire the application to proceed IFP and appropriate Inmate Account Certificate from the law library at your prison unit.

3. 28 U.S.C. 1915, as amended by the Prison Litigation Reform Act of 1995 (PLRA), provides, "...if a prisoner brings a civil action or files and appeal *in forma pauperis*, the prisoner shall be required to pay the full amount of a filing fee." Thus, the Court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the Court will apply 28 U.S.C. 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your Inmate Account, until the entire **$350** filing fee has been paid.

4. If you intend to seek *in forma pauperis* status, then do not send your complaint without an Application to Proceed IFP, and the Certificate of Inmate Trust Account. Complete all the essential paperwork before submitting it to the Court.

## CHANGE OF ADDRESS

It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motions(s) for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedures.

## I. PREVIOUS LAWSUITS:

A. Have you filed any other lawsuits in the state or federal court relating to imprisonment?    **XXX**    YES    _____    NO

B. If your answer to "A" is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

1. Approximate date of filing lawsuit: 1993

2. Parties to previous lawsuit:
   Plaintiff(s): RANDY WARGO AND RONALD SUTHERLAND

   Defendant(s): SHERIFF BOWLES AND DALLAS COUNTY, TEXAS

3. Court (If federal, name the district; if state, name the county) DALLAS DIVISION

4. Docket Number: UNKOWN

5. Name of judge to whom case was assigned: JEFF KAPLAN

6. Disposition: (Was the case dismissed, appealed, still pending?)

   BENCH TRIAL, PARTIAL JUDGMENT FOR PLAINTIFFS.

7. Approximate date of disposition: 1997

## I. PREVIOUS LAWSUITS CONTINUED:

SUTHERLAND HAS FILED OTHER LAWSUITS IN STATE AND FEDERAL COURT. SUTHERLAND DOES NOT HAVE ACCESS TO THE EXACT DATES OF FILING OR THE LITIGANTS NAMES, OTHER THAN A VAGUE RECOLLECTION. THIS ANSWER IS NOT MEANT TO BE EVASIVE. THE ONLY LAWSUIT FILED IN STATE COURT WAS: 1999; IN DALLAS COUNTY DIST. CT. SUTHERLAND V. EDWARD B. CLOUTMAN, III; DOCKET NO. UNKOWN; UNABLE TO ATTEND TRIAL, CASE DISMISSED 1999. 1996: SUTHERLAND V. COLLINS, ZELLER AND HOKE; CORPUS CHRISTI DIVISION; JANICE GRAHAM JACK; SUMMARY JUDGMENT GRANTED; 1997. 2000; SUTHERLAND V. WARDEN OF EL RENO FEDERAL CORRECTIONAL FACILITY; OKLAHOMA CITY DIVISION; DOCKET UNKOWN ; JUDGE UNKNOWN; VOLUNTARY DISMISSAL; 2001. THERE WERE OTHER LAWSUITS FILED . SUTHERLAND IS UNSURE OF THE DATES OR LITIGANTS INVOLVED. HE SIMPLY HAS NO WAY TO OBTAIN THIS INFORMATION, AS IT WAS LOST WHEN HIS MOTHER, WHO HAD THE INFORMATION STORED, WAS PLACED IN A NURSING FACILITY IN NOVEMBER OF 2014.

MORE RECENTLY, SUTHERLAND V. COLVIN, FT WORTH DIVISION, 4:12-CV-00206-Y; TERRY R. MEANS; JUDGMENT RENDERED IN FAVOR OF SUTHERLAND. THIS WAS A SOCIAL SECURITY DISABILITY MATTER. JUDMENT SEPTEMBER, 2013.

SUTHERLAND HAS NO LAWSUITS NOW PENDING. HE DOES HAVE A TITLE 28 USC §2254 PENDING IN THE NORTHERN DISTRICT OF TEXAS, WICHITA FALLS DIVISION; NOVEMBER 2013.

SUTHERLAND HAS ALSO FILED OTHER HABEAS CORPUS ACTIONS IN STATE AND FEDERAL COURT. SUTHERLAND HAS ALSO FILED VARIOUS APPEALS AND ONE TITLE 28 USC §2255 MOTION ATTACKING CONVICTION AND SENTENCE AND APPEAL OF THE ADVERSE DECISION IN THAT MATTER.

NOTE: ALMOST ALL THE ACTIONS DISMISSED OR FILED WERE PRIOR TO THE PRISON LITIGATION REFORM ACT BEING PASSED.

**IFP STATUS GRANTED FOR SUTHERLAND V. COLVIN.**

**II. PLACE OF PRESENT CONFINEMENT:** <u>HUNTSVILLE UNIT TDCJ-CID</u>

**III. EXHAUSTION OF GRIEVANCE PROCEDURES:**

Have you exhausted both steps of the grievance procedure in this institution? <u>XXX</u>    YES    ___    NO

Attach a copy of the Step 2 grievance with the response supplied by the prison system. All issues have been presented at step two in the grievance system. These grievances were "lost" by the TDCJ mailroom. The grievance dept. has copies of all.

**IV. PARTIES TO THE SUIT:**

A. Name of address of plaintiff: <u>RONALD SUTHERLAND #1650667, HUNTSVILLE UNIT</u> <u>815 12TH ST., HUNTSVILLE, TX 77348.</u>

B. Full name of each defendant, his official position, his place of employment, and his full <u>mailing</u> address.

Defendant #1: <u>WILLIAM STEPHENS, DIRECTOR OF TDCJ, P.O. BOX 99,</u> <u>HUNTSVILLE, TX 77340.</u>

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.
CLAIMS PARAGRAPHS: <u>2,3,4,5,6,11,13,14,19,23.</u> Deliberate indifference to substantial risk of serious harm.

Defendant #2: <u>WARDEN SMITH OF HUNTSVILLE UNIT, TDCJ, 815 12TH ST.,</u> <u>HUNTSVILLE, TX 77348.</u>

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.
CLAIMS PARAGRAPHS: <u>2,3,4,5,6,11,13,14,17,18,19,23.</u> Deliberate indifference to substantial risk of serious harm, and serious harm to plaintiff.

Defendant #3: <u>WARDEN CARTER OF ESTELLE UNIT, TDCJ, 264 FM 3478,</u> <u>HUNTSVILLE, TX 77320.</u>

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.
CLAIMS PARAGRAPHS: <u>2,3,4,5,6,11,13,14,17,18,19,23.</u> Deliberate indifference to substantial risk of serious harm and serious harm to plaintiff.

Defendant #4: <u>WARDEN RICHARD THOMAS OF MIDDLETON UNIT, TDCJ,</u> <u>13055 FM 3522, ABILENE, TX 79601</u>

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.

12

CLAIMS PARAGRAPHS: <u>2,3,4,5,6,11,13,14,17,18,19,23.</u> Deliberate indifference to a substantial risk of serious harm and serious harm to plaintiff.

Defendant #5: <u>RICK THALER, FORMER DIRECTOR OF TDCJ, P.O. BOX 99,</u> <u>HUNTSVILLE, TX 77340.</u>

Briefly describe the act(s) or omission(s) of this defendant, which you claimed harmed you.
CLAIMS PARAGRAPHS: <u>2,3,4,5,6,11,13,14,17,18,19, 23.</u> Deliberate indifference to a substantial risk of harm.

Defendant #6: <u>WARDEN JONES OF HUNTSVILLE UNIT, TDCJ, 815 12TH</u> <u>ST., HUNTSVILLE, TX 77348.</u>

Briefly describe the acts or omissions of this defendant, which you claim harmed you:
CLAIMS PARAGRAPHS: <u>2,3,4,5,6,11,13,14,17,18,19,23.</u> Deliberate indifference to substantial risk of harm and serious harm to plaintiff.

## PARTIES:

Defendant #7: P.A. BARRY NORWOOD, PHYSICIAN ASSISTANT, UTMB, 815 12TH ST. HUNTSVILLE, TX 77348.

Briefly describe the acts or omissions of this defendant, which you claim harmed you.

CLAIMS PARAGRAPHS: 2,3,4,5,6,8,10,11,13,14,19,23. Deliberate indifference of substantial risk of serious harm and to a serious medical need and serious harm to plaintiff.

Defendant #8: JAMIE WILLIAMS , PRACTICE/BUSINESS MANAGER OF TDCJ, 815 12TH ST., HUNTSVILLE, TX 77348.

Briefly describe the acts or omissions of this defendant, which you claim harmed you.

CLAIMS PARAGRAPHS: 10,19,20,21,22,23. Deliberate indifference to a serious medical need.

Defendant #9: UNKNOWN NAME, RISK MANAGEMENT SUPERVISOR/COORIDIN-ATOR, TDCJ, 815 12TH ST., HUNTSVILLE, TX 77348.

Briefly describe the acts or omissions of this defendant, which you claim harmed you.

CLAIMS PARAGRAPHS: 13,15,17,18,23. Deliberate indifference of substantial risk of serious harm and serious harm to plaintiff.

Defendant #10: MARY AVERA, CO TDCJ, 815 12TH ST., HUNTSVILLE, TX 77348.

Briefly describe the acts or omissions of this defendant, which you claim harmed you.

CLAIMS PARAGRAPHS: 6,7,8 Deliberate indifference to a serious medical need.

Defendant # 11: LT. D. ROBERTS OF HUNTSVILLE UNIT, 815 12TH ST., HUNTSVILLE, TX 77348.

Briefly describe the acts or omissions of this defendant, which you claim harmed you.

CLAIMS PARAGRAPHS: 16. Deliberate indifference of substantial risk of serious harm and serious harm to plaintiff.

Defendant # 12: S. HAYNES, MH-MANAGER UTMB, 815 12TH ST., HUNTSVILLE, TX 77348.

Briefly describe the acts or omissions of this defendant, which you claim harmed you.

CLAIMS PARAGRAPHS: 19,20,21,22. Deliberate indifference to a serious medical need.

Defendant #13: JAMES PORTER, CO TDCJ, 815 12TH ST., HUNTSVILLE , TX 77348.

Briefly describe the acts or omissions of this defendant, which you claim harmed you.

CLAIMS PARAGRAPHS: 16. Deliberate indifference of a substantial risk of serious harm and harm to plaintiff.

Defendant #14: UNKNOWN NAME, OFFICE OF PROFESSIONAL STANDARDS, TDCJ HEALTH SERVICES DIVISION, P.O. BOX 99 HUNTSVILLE, TX 77340.

Briefly describe the acts or omissions of this defendant, which you claim harmed you.

CLAIMS PARAGRAPHS: 13,15,17,18,23. Deliberate indifference of a substantial risk of serious harm

3-A

Defendant #15: Officer LeBlanc, CO TDCJ, 815 12TH St., Huntsville, TX 77348.

    Briefly describe the acts or omissions of this defendant, which you claim harmed you.

CLAIMS PARAGRAPHS: 16. Deliberate indifference to a serious medical need.

**DEFENDANT CULPABILITIES:**

Defendants 1-7 are jointly and severally responsible for the staffing levels and policies of TDCJ concerning the heat and lack of A/C for those offenders that are more supscetible to heat illness and injuries. Defendants 2-4 and 6 are personally responsible for the conditions of confinement that harmed Sutherland by their acts and/or omissions. Defendant 7-9 are responsible for the assessemnt and risk of the heat and medical issues. Defendant 7 is personally responsible for submitting Sutherland for a transfer as is defendant 8. Defendant 9 is responsible for correcting the unsafe conditions and the risks those conditions posed. Defendants 11 and 13 are personally responsible for the confiscation of a fan that resulted in pain and suffering during extremely dagerous level of heat knowing Sutherland was heat restricted and in direct violation of TDCJ policy. Defendants 1-7 are also responsible for the safety and health of Sutherland. Defendants 10 and 15 are responsible for deliberate indiffernce to a serious medical need. Defendants 12 and 14 are responsible personally for the deliberate indifference to a serious medical need in denying mental health services for a recognized and treatable condition.

Defendants 1 and 5 are responsible for all TDCJ policy decision related to this complaint, and they are jointly and severally liable for damages with Defendants 2,3,4 and 6 for the subjective deliberate indifference and disregard for an excessive risk of harm and serious harm to Sutherland because of a substantial risk of dangerous and extermely dangerous temperatures in all TDCJ facilties. Such risks were known by all Defendants and such risks were actively disregarded by Defendants . Defendants 7-9 and 14 all had personal knowledge of the serious health and safety risks and were deliberately indifferent to the serious harm inflicted on Sutherland as a result.

## V. STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved.  Describe how each defendant is involved.  You need not give any legal argument or cite any cases of statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach extra pages if necessary, but remember that the complaint must be stated briefly and concisely.  IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

The claims will be set forth in paragrphs in which harm and acts or omissions will be set forth. Some of these acts or omissions are committed jointly and some severally. In the PARTIES TO THE SUIT, section IV, these paragraphs will be listed to aid in determining the Defendant that committed the specifics acts or omissions, i.e., CLAIMS PARAGRAPHS:. pages 3,3-A and 3-B, and 3-C explanations.

1) At all times relevant to this action Sutherland was an inmate in the custody of the TDCJ who suffered from hypertension and panic disorder/agoraphobia/major depressive disorder. He was on medications that limit the body's natural abilities to maintain temperatures. Sutherland is over 55. Sutherland was diagnosed with

## VI. RELIEF: State briefly exactly what you want the court to do for you.  Make no legal arguments.  Cite not cases or statutes.

JOINTLY AND SEVERALLY OF EACH DEFENDANT: UNSPECIFIED COMPENSATORY AND PUNITIVE DAMAGES, NOMINAL DAMAGES, DECLARATORY AND INJUNCTION FROM HOUSING WITHOUT A/C, AND MEDICATIONS.

## VII. GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases:

RONALD DAVID SUTHERLAND, RON SUTHERLAND.

B. List all TDCJ-ID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you, if know to you.

293138; 543587; 665770; 1329306; 1499797; FEDERAL 24921-077. 1650667 CURRENT NUMBER.

## VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed? ____ YES  xxxNO

B. If your answer is "yes", give the following information for every lawsuit in which sanctions were imposed.  (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed sanctions (If federal, give district and division): __N/A__

2. Case Number: ____N/A__

3. Approximate date sanctions were imposed: __N/A__

4. Have the sanctions been lifted or otherwise satisfied? _____ YES _____ NO    N/A

CLAIMS:

panic disorder and anxiety and prescribed xanax and valium some twenty years ago. TDCJ has also diagnosed this malady, which is a medically recognized and treatable illness.

2) Sutherland avers the acts and/or omissions committed by the defedants place him in imminent danger of serious physical harm and even death, which inflicts pain and suffering that serves no legitimate penalogical interests. Sutherland was given a serve-all until December 29, 2015. He will definitely be in prison when temperatures reach the 90 and above ranges. The National Oceanic and Atmospheric Administration have classified these temperatures to be in the dangerous and extremely dangerous categ-ories. This makes the extremely dangerous ranges probable for heat stroke. Heat stroke causes organ failure and, ultimately, death.

3) Sutherland's age make him particularly susceptible to the effects of heat. In addition, Sutherland is on medications for hypertension, which function and functioned as a diuretic and had the effects (and will continue to have the effects) to make the high temperatures even more dangerous to him than other prisoners. Sutherland has been forced to discontinue the ordered meds for major depressive disorder because of their effects and known dangers for heat stroke, especially combined with the hyper-tension meds, and for other reasons explained elsewhere.

4) On numerous occasions over the time involved in this complaint, 2012 to present, Sutherland has submitted sick call requests and was seen by medical staff for heat related illness and injuries. Sutherland was unaware and later learned that it was the heat and hypertension/psych meds that contributed to these mdical issues. Other medications were prescribed to attempt to ameliorate the problem, which it did not.

5) Staffing levels are not sufficient to monitor and evaluate those offenders that have been determined to be at risk for heat stroke. Thus, TDCJ response to the issue as to monitor inmates is not followed.

6) On August 29, 2014, Sutherland suffered from a heat stroke. At approximately 06:15 Sutherland was in his cell on H-Wing making

**CLAIMS:**

ready to attend a rehab course, Changes. He fell unconcious to
the floor of his cell. Inmate Sanchez and another inmate attempted
to locate an officer to unlock the cell door. No officer was
on duty at that time. Officer Leblanc was working the hall area
and could unlock the doors, but he refused the repeated requests
of Sanchez and the other inmate (who wishes not to be identified).
He took no actions whatsoever, Leblanc that is.

    7) Officer Avera was apparently the officer assigned to
G and H - Wings. She was not present at the time the doors were
first rolled open and closed at around 06:30. She did not even
attempt to conduct the wellness checks dictated by TDCJ policy.

    8) After approximately 45 minutes passed Sutherland became
aware of his surroundings when his celly revived him, L. Galloway.
It was not until around 07:30 when Leblanc open the hall door
to let work turn out that Sanchez and the other inmate notified
the Sgt. Hagans that Sutherland needed immediate medical atten-
ion. Hagans found Avera and had to repeatedly order Leblanc to
open the cell doors. Sutherland was then transported to the infir-
mary. Where he was treated for heat stroke.

    9) The signs and symptoms exhibted by Sutherland at the
infirmary were consistent with heat stroke, i.e., nausea, vomitting,
dehydration coupled with obvious kidney failure, high temperature,
dizzyness and lethargy. This was a full blown and dangerous heat
stroke that could have been prevented. The medical treatment
after the incident was adequate and not the subject of this complaint.

    10) The answer to the step one grievance states that the provider,
P.A. Norwood, would have to submit a request for transfer to a facility
that is air conditioned. He has not done so as far as Sutherland
is aware of. The answer states at step two that Sutherland is receiving
maintenance for hypertension, and does not allude to any need for
a transfer to a unit that has A/C. The step one erroneously states
that the medications Sutherland was taking contained warnings about
heat. NO. The step one basically states that all the onus is on
Sutherland with exercise, diet, medications, and lifestyle changes.
No need for A/C.

    11) Sutherland avers that the conditions at all TDCJ non-A/C
facilities violates his Eighth Amendment rights. The Directors and

**4-B**

CLAIMS:

Wardens at all the facilities did not take constitutionally adequate measures to address the extremely high temperatures in all the housing areas during the summer months of 2012, 2013, and 2014, and will not do so in 2015. This was and is deliberate indifference to a substanatial risk of serious harm to Sutherland.

12) While housed in a metal building at the Middleton Unit, the policy for heat restricted offnders was that they should have the bunks the farthest away from any ventilation, which made it easy for the officers to check those offenders from the A/C in picket.

13) At all times and places relevant to this complaint, 2012, to present, the ventilation, lack of showers, cold water or any other measures to ameliorate the heat was insufficient to meet basic human decencies. Prison officials and medical staff did not take reasonable measures to guarantee the safety of all inmates, and inmates with Sutherland's type of medical issues in particular. Sutherland was and is in an enviroment that poses a substantial risk of serious harm. Sutherland was sent to prison as punishment, notfor punishment.

14) The small remedial steps that have been taken, i.e., some cold water (which is used up almost as soon as issued), and largely unavailable if in cell, fans (which at most extreme temperatures actually increase the probability of heat stroke), and very poor ventilation (which is nearly non-existent at Huntsville), are wholly inadequate to make any significant amelioration of the heat. No showers are even available at the Huntsville Unit, and the Estelle Unit except at one time per day, at Estelle at only 2:00 AM.

15) Risk management coordinator/supervisor has indicated the conditions outlined ante and post have been investigated and are just fine, which Sutherland avers is so far from truth to be  laughable.

16) Lt. D. Roberts ordered Officer Porter to confiscate Sutherland's only fan. She issued a disciplinary case for having two fans when it was determined Sutherland's family was involved and the Ombudsman Office of TDCJ. The one and only fan Sutherland had/has was returned to him some time later when the property officer, Ms. Baker returned to work a week later. Lt. Roberts and Porter knew or should have known that the confiscation of a heat restricted fan would cause undue pain and suffering and conditions that were in violation of the Eighth Amendment. This all occurred on July 4, 2014.Fan returned July 10 or 11, 2014.

4-C

CLAIMS:

17) The ventilation in the old Shamrock Wings comes from the superheated air in the top of the tin covered gym area. It is often much hotter than the ambient temperatures inside or outside.

18) Inside the pipe chases at the Huntsville Unit, is another condition that poses a substantial risk of harm to all inmates at the unit. The pipe chases were infested with rats, as are the housing areas. The pipe chases contained a thick mat of dirt and lint that inmates were forced to breath, which may contain asbestos, as the unit was built in the 1940s, or other contaminants that pose a serious safety and health issue. Theree is constantly raw sewage in the vent behind Sutherland's cell and an overpowering stench that causes nausea and headaches. It appears to be raining sewage water at many times.

19) The above conditions  creates an environment that is not safe or healthy. No A/C exist at any facilities Sutherland has been imprisoned also causes the wanton infliction of pain and suffering, all of which the prison officials should have known or did know of. The pain and suffering involved dizzyness, headaches, dehydration, vomitting, nausea, blurry vision, heatstroke with kidney failure/damage, which is now permanent. Sutherland has been and into the future been at risk of serious harm or death by the failure to transfer him to a unit with A/C, or, in the alternative, install A/C. Moreover the rats, sewage and other contaminants pose a significant risk of serious harm and has harmed Sutherland.

20) Sutherland has been diagnosed in TDCJ with major depressive disorder and panic disorder, w/ agoraphobia. The step one response stated he was being treated per policy for these conditions. Ms. Haynes indicated that she does not give any treatment for panic disorder and it is not recognized by TDCJ as requiring treatment. This step one and others was signed by the practice manager. The step two response  indicates Sutherland has no documentation of panic disorder. He was first diagnosed with this malady and given medications to control it by Dr. Pena in Irving, TX in 2000. Other doctors/psychiatrists have treated this illness as well. Diagnosed by TDCJ but no treatment.

21) The panic disorder and the side effects of nearly all meds for depression, limit the body's ability to regulate temps,  have led Sutherland to discontinue the use of those meds. Sutherland is forced to enter a small ten by thirty room with at least one hundred

**CLAIMS:**

people for an hour or more. Sutherland might injure himself or others when a panic attack occurs and he must exit that little room. Panic disorder can be controlled with meds.

    22) The acts and omissions contained in paragraphs 20 and 21 constitute deliberate indifference to a serious medical condition.

    23) The acts or omissions throughout this complaint indicate a complete and total disregard for the health and safety of prisoners, particularly those with hypertension and mental health issues. The policies and procedures are calculated to inflict pain and suffering, serious harm that serves no legitimate penalogical interests. Officials are now well aware of the health risk associated with deadly heat in Texas Prisons and have failed to take any remedial steps, such as A/C, especially for those with health concerns related to the heat. This is a clear cut case of a violation of the Eighth Amendment.

C. Has any court ever warned or notified you that sanctions could be imposed? ____ YES X̲X̲X̲ NO

D. If your answer is "yes", give the following information for every lawsuit in which warning was imposed. (If more than one, use another piece of paper and answer the same questions.)

1. Court that imposed warning (if federal, give the district and division): ___N/A___

2. Case number: ___N/A___

3. Approximate date warning were imposed: ___N/A___

Executed on: _02-01-15_
(Date)

RONALD SUTHERLAND
(Printed Name)

_____
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachment thereto are true and correct.

2. I understand if I am released or transferred, it is my responsibility to keep the Court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.

3. I understand that I must exhaust all available administrative remedies prior to filing this lawsuit.

4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions in a Court of the United States while incarcerated or detained in any facility, which lawsuits are dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger or serious physical injury.

5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire **$350** filing fee and costs assessed by the Court, which shall be deducted in accordance with the law from the inmate account by my custodian until the filing fee is paid.

Signed this ___1st___ day of ___February___, 20 _15_.
(Day)                    (Month)                          (Year)

RONALD SUTHERLAND
(Printed Name)

_____
(Signature of Plaintiff)

**WARNING: The Plaintiff is hereby advised any false or deliberately misleading information provided in response to the following questions will result in the imposition of sanctions. The sanctions the Court may impose include, but are not limbed to monetary sanctions and/or the dismissal of this action with prejudice.**